IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **STEELE RETAIL 37, LLC** | | |
| **d/b/a LION'S DEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 05-4254-CV-W-GAF |
| | ) | |
| **JAY NIXON,** | ) | |
| **Attorney General of the State of** | ) | |
| **Missouri, in his official capacity** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Presently before the Court is Plaintiff Steele Retail 37, LLC, d/b/a Lion's Den's ("Plaintiff") Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. #3). The issue presented is whether this Court should enjoin the enforcement of Mo. Rev. Stat. § 226.531 ("§ 226.531"). Defendant Jay Nixon, Attorney General of the State of Missouri, in his official capacity ("Defendant") opposes this Motion. After reviewing the evidence and hearing the arguments offered by the parties, Plaintiff's Motion is DENIED.

## DISCUSSION

**I.　　Facts**

The statutory language at issue here provides as follows:

"226.531.　1. As used in this section the following terms, mean:

1

(1) "Adult cabaret," a nightclub, bar, restaurant, or similar establishment in which persons appear in a state of nudity, as defined in Section 573.500, RSMO, or semi-nudity, in the performance of their duties;

(2) "Semi-nudity," a state of dress in which opaque clothing fails to cover the genitals, anus, anal cleft or cleavage, pubic area, vulva, nipple, and areola of the female breast below a horizontal line across the top of the areola at its highest point. Semi-nudity shall include the entire lower portion of the female breast, but shall not include any portion of the cleavage of the human female exhibited by wearing apparel provided the areola is not exposed in whole or part;

(3) "Sexually-oriented business," any business which offers its patrons goods of which a substantial portion are sexually oriented materials. Any business where more than ten percent of display space is used for sexually-oriented materials shall be presumed to be a sexually-oriented business;

(4) "Sexually-oriented materials," any textual, or three dimensional material that depicts nudity, sexual conduct, sexual excitement, or sadomasochistic abuse in a way which is patently offensive to the average person applying contemporary adult community standards with respect to what is suitable for minors.

2. No billboard or other exterior advertising sign, for an adult cabaret or sexually oriented business shall be located within one mile of any state highway except if such business is located within one mile of a state highway then the business may display a maximum of two exterior signs on the premises of the business, consisting of one identification sign and one sign solely giving notice that the premises are off limits to minors. The identification sign shall be no more than forty square feet in size and shall include no more than the following information: name, street address, telephone number, and operating hours of the business.

3. Signs existing at the time of the effective date of this section, which did not conform to the requirements of this section, may be allowed to continue as a nonconforming use, but should be made to conform within three years from August 28, 2004.

4. Any owner of such a business who violates the provisions of this section shall be guilty of a class C misdemeanor. Each week a violation of this section continues to exist shall constitute a separate offense.

5. This section is designated to protect the following public policy interests of this state, including but not limited to: to mitigate the adverse secondary effects of sexually oriented businesses, to improve traffic safety, to limit harm to minors, and to reduce prostitution,

crime, juvenile delinquency, deterioration in property values, and lethargy in neighborhood improvement efforts."

The Plaintiff is a sexually oriented business as defined by § 226.531.1(3). Plaintiff operates a store that offers "adult expressive materials" for sale as well as gasoline and convenience store items such as food and cigarettes. (Doc. #3). Plaintiff's business is located within one mile of a state highway, and it wishes to maintain signs within one mile of a state highway. Id. The signs Plaintiff wishes to maintain would advertise both the adult related and the non-adult related products offered for sale at Plaintiff's business. Id. For example, one of the signs Plaintiff wishes to display reads, "LION'S DEN SUPERSTORE FOOD FUEL ADULT EXIT NOW." Id.

Plaintiff argues that § 226.531 is an unconstitutional abridgement of truthful, non-misleading commercial speech in violation of the First and Fourteenth Amendments of the United States Constitution. Plaintiff further argues that § 226.531 is overbroad because the plain language of the statute prohibits advertising not only for adult related products, but also for non-adult products such as gasoline and convenience store items. Defendant argues that § 226.531 is a permissible regulation of sexually-oriented businesses' commercial speech, and that § 226.531 is valid because it combats the adverse secondary effects of sexually-oriented businesses. Defendant further argues that § 226.531 permits businesses which fall within its definition of "sexually-oriented business," but which sell both adult and non-adult products, to advertise non-adult products such as gasoline and convenience store items. The Defendant also states that the legislative intent, as revealed in § 226.531.5, was not to prohibit sexually oriented businesses from advertising non-adult items, but rather to combat the adverse secondary effects of the sexually oriented aspects of sexually oriented businesses. Consistent with this express legislative intent, the Defendant states

3

that it does not have any intention of attempting to apply § 226.531 to prosecute the advertising of non-adult products such as gasoline or convenience store items.

Pursuant to this Court's August 10, 2005 order granting summary judgment in Passions Video, Inc. v. Nixon (Case No. 04-0760-CV-W-GAF), this Court will not address the constitutionality of § 226.531 as it relates to adult products. In Passions Video, this Court concluded that, with regard to adult related products, § 226.531 was a constitutional regulation of commercial speech. Therefore, this Court will address only the Plaintiff's argument in the current Motion that § 226.531 applies to restrict the advertising of non-adult products by sexually oriented businesses.

## II. Legal Standard and Analysis

To be entitled to a preliminary injunction, a court must consider: "the probability that the movant will succeed on the merits; the threat of irreparable injury to the movant should the court deny the injunction; the balance between this harm and the harm that granting the injunction will cause to other litigants; and the public interest." Mid-America Real Estate Co. v. Iowa Realty Co., Inc., 406 F.3d 969, 972 (8th Cir. 2005); Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc); Pottgen v. Mo. State High Sch. Activities Assn., 40 F.3d 926, 928 (8th Cir. 1994). An injunction cannot issue if there is no likelihood of success on the merits and no showing of irreparable injury. *See* Mid America Real Estate Co. v. Iowa Realty Co., Inc., 406 F.3d 969, 972 (8th Cir. 2005). The loss of First Amendment rights constitutes irreparable injury. Elrod v. Burns, 427 U.S. 347, 353 (1976). However, the requirement of irreparable injury will not be met when there has been no showing of any real or immediate threat to the plaintiff. *See* City of Los Angeles, 461 U.S. 95 at 111.

4

In this case, the Plaintiff can show neither a likelihood of success on the merits nor a threat of irreparable injury.[1] The Plaintiff argues that it is likely to succeed on the merits because § 266.531 is unconstitutionally overbroad. (Docs. #3, #19). In support of its argument, Plaintiff states that the plain language of § 266.531.2 prohibits a sexually oriented business from advertising non-adult products such as gasoline and convenience store items within one mile of a state highway. Id. The Plaintiff further argues that the threat of being prosecuted under § 266.531.2 constitutes a loss of First Amendment rights and, thus, a threat of irreparable injury. (Doc. #3).

The Defendant's position, however, is that § 266.531.2, when read in conjunction with §266.531.5, *permits* businesses which fall within the definition of "sexually oriented business," to advertise non-adult products such as gasoline, cigarettes, food, etc., within one mile of an interstate or highway. (Doc. #18). Defendant unequivocally admits that § 266.531 only restricts those billboard or exterior advertisements that advertise directly for the sexually oriented aspects of the sexually oriented business. Id. Further, the Defendant has made clear to this Court, both at oral argument and in its briefs, that it has no intention of attempting to enforce § 266.531 to prosecute a sexually oriented business' advertising of its non-adult products within a mile of a state highway. Id. The parties' differing interpretations of § 266.531 require this Court to determine if § 266.531 applies to restrict the advertising of non-adult products by sexually oriented businesses.

---

[1] Because the Plaintiff cannot show a likelihood of success on the merits or a threat of irreparable injury, this Court will not address "the balance between this harm and the harm that granting the injunction will cause to the other litigants" or "the public interest" factors.

5

The cardinal rule of statutory construction is that the intent of the legislative assembly is to be given effect. N.L.R.B. v. North Arkansas Elec. Co-op, Inc., 446 F.2d 602, 607 (8th Cir. 1971). Faced with a statute that has not been authoritatively construed by the state courts, this Court may only adopt a construction of § 226.531 that is both "reasonable and readily apparent" from the text of the statute itself. *See* United Food and Commercial Workers, 857 F.2d 422, 431 (8th Cir. 1988). In this case, § 226.531 contains the legislative intent in the text of § 226.531.5.

Where a literal reading of a statutory provision would not comport with the intended purpose of the legislation, or would produce an absurd result, courts must look beyond the plain words of the statute. N.L.R.B., 446 F.2d at 607 (internal citations omitted). The "general purpose [of a statute] is a more important aid to the meaning than any rule which grammar or formal logic may lay down." Id., *quoting* United States v. Shirley, 359 U.S. 255, 260-261 (1959). Thus, while this Court may not rewrite § 226.531, this Court should enforce it in such a manner that the intent of the legislature will be achieved.

The Plaintiff argues that a literal reading of § 226.531.2 indicates that those businesses which fall within the definition of "sexually oriented business" may not advertise within a mile of a state highway, whether that advertisement is for adult-related products or non-adult related products. Defendant argues that the language of § 226.531.2 must be read in conjunction with the unambiguous intent of the legislature as set forth in § 226.531.5 Section 226.531.5 reads:

> This section is designated to protect the following public policy interests of this state, including but not limited to: to mitigate the adverse secondary effects of sexually oriented businesses, to improve traffic safety, to limit harm to minors, and to reduce prostitution, crime, juvenile delinquency, deterioration in property values, and lethargy in neighborhood improvement efforts.

Section 226.531.5 clearly indicates that the legislature intended to combat adverse secondary effects, which can only be associated with the sexually oriented *aspects* of sexually oriented businesses. The text of § 226.531 does not suggest that the advertising of gasoline, apparel, food, or any other non-adult product is associated with the secondary effects described in § 226.531.5. Section 226.531.2's language that "No billboard or other advertising sign **for** an adult cabaret or sexually oriented business," when read in conjunction with the clear legislative intent in § 226.531.5, can therefore be reasonably interpreted to prohibit only advertising **for** the sexually oriented aspects of sexually oriented businesses. The Plaintiff is not likely to succeed on the merits and does not face irreparable injury because this Court finds that § 226.531 does not restrict the Plaintiff's advertising of non-adult products such as gasoline and convenience store items.

## CONCLUSION

When read in its entirety, and in light of the unequivocal intent of the legislature to mitigate the adverse secondary effects associated with the sexually oriented aspects of sexually oriented businesses, § 226.531 does not prohibit sexually oriented businesses from advertising non-adult items. The Defendant has no intention to apply and, indeed, cannot apply § 226.531 to prosecute a sexually oriented business' advertising of non-adult products. The Plaintiff can show neither the likelihood of success on the merits nor the threat of irreparable harm necessary to warrant a preliminary injunction. Therefore, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED.

**IT IS SO ORDERED**.

/s/ Gary A. Fenner

GARY A. FENNER, JUDGE
United States District Court

DATED: October 25, 2005